JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THOMAS D. KRAEMER

**DEFENDANTS**
NATIONWIDE INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff   Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Franklin, Ohio
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas S. Farnish, 1800 JFK Boulevard - Suite 404, Philadelphia, PA 19103 (215) 209-8500

Attorneys *(If Known)*
Pamela A. Carlos, Esquire, Bennett, Bricklin & Saltzburg, LLC, 1601 Market Street, 16th Floor, Philadelphia, PA 19103 - (215) 665-3315

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§1332, 1441 and 1446
Brief description of cause:
breach of contract, bad faith pursuant to 42 Pa. C.S.A. 837, respondeat superior/vicarious liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ In excess of 75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 10/05/2017
SIGNATURE OF ATTORNEY OF RECORD  *Pamela A. Carlos*

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

APPENDIX F

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____1045 N. West End Boulevard, Lot 419, Quakertown, PA 18951_____

Address of Defendant:___ One Nationwide Plaza, Columbus, Ohio 43215 _____

Address of Co-Defendant: N/A

Place of Accident, Incident or Transaction: _ Route 309 in Hilltown Township, Bucks County, PA_

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes ☐   No X

Does this case involve multidistrict litigation possibilities?      Yes ☐   No X

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                    Yes ☐   No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                    Yes ☐   No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                    Yes ☐   No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. Diversity Jurisdiction Cases:
1. X Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases  (Please specify)

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

I,_____, counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the claimed damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE:_____      _____      _____
          Attorney-at-Law            Attorney -at-Law            Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: __10/05/17_____      _Pamela A. Carlos, Esquire__      __56396_____
                                            Attorney-at-Law                    Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| THOMAS D. KRAEMER | : |
| | : |
| v. | : |
| | : |
| NATIONWIDE INSURANCE | : NO. |
| COMPANY | : |

       In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.        ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits       ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.       ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)       ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| *Pamela A Carlos* | | |
| __10/05/2017__ | __Pamela A. Carlos, Esquire__ | __Nationwide Insurance Company__ |
| | Attorney-at-law | Attorney for Defendant |
| __(215) 665-3353__ | __(215)561-6661__ | __Carlos@bbs-law.com__ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS D. KRAEMER | : |
| | : |
| v. | : |
| | : |
| NATIONWIDE INSURANCE COMPANY | :   **NO.** |

## NOTICE OF REMOVAL

AND NOW, come the defendants, Nationwide Insurance Company, for the purpose only of removing this case to the United States District Court for the Eastern District of Pennsylvania and respectfully aver as follows:

1.      This is a civil action filed and now pending in the Court of Common Pleas of Bucks County, Pennsylvania at No: 2017-05861.

2.      The action was initiated in the aforementioned court by the filing of a Civil Action Complaint or about September 7, 2017 which was served on defendants on or about September 12, 2017.  A copy of the Complaint  is attached hereto as Exhibit "A."

3.      The averments made herein are true and correct with respect to the date and time upon which suit was commenced and the date upon which this notice is being filed.

4.      This suit is of a civil nature. Plaintiff's complaint alleges that he is a resident and citizen of the Commonwealth of Pennsylvania. See Exhibit "A".  Plaintiff does not allege any alternative state of residence.  Accordingly, upon information and belief, the Commonwealth of Pennsylvania is the state in which plaintiff is  domiciled and, therefore, the state of which plaintiff is a citizen for purposes of determining diversity.

5.     Nationwide Insurance Company (hereinafter "Nationwide") is now, and was at the time plaintiff commenced this action and filed his complaint a corporation organized under the laws of the State of Ohio with its principal place of business in Ohio, and therefore, is a citizen of Ohio for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

6.     The amount in controversy, upon information and belief, is in excess of Seventy Five Thousand Dollars ($75,000) exclusive of interest and costs, in that:

(a).     The complaint against Nationwide presents two separate causes of action, in separate counts, for Breach of Contract (Count I) and  Bad Faith pursuant to 42 Pa. C.S. § 8371 (Count II).

(1).     In Count I, plaintiff alleges that Nationwide breached the insurance contract by not providing Underinsured Motorist Benefits in the insurance policy and seeks compensatory damages, punitive damages, attorney's fees and cost of suit in an amount that exceeds fifty thousand dollars ($50,000.00).  See Exhibit "A", Count I.

(2).     In Count II, plaintiff alleges that Nationwide acted in bad faith and seeks relief and penalties under Pennsylvania's insurance bad faith statute at 42 Pa.C.S. §8371 for interest, attorney's fees and punitive damages in excess of fifty thousand dollars ($50,000.00).  See Exhibit "A", Count II.

(b).     The amounts of damages sought in the various counts of the complaint may be cumulated in order to ascertain the amount sought. Fine v. State Farm Fire & Casualty Co., 1993 U.S. Dist. LEXIS 7682 (E.D. Pa. 1993).[1]

---

[1] Counsel for Nationwide inquired with plaintiff's counsel if plaintiff was willing to cap damages at $75,000 to avoid removal of this matter to federal court. Plaintiff's counsel advised that plaintiff was not willing to do so as he believed damages exceeded $75,000.

(c).    Punitive damages such as those authorized by 42 Pa.C.S. §8371 are a permissible way to bridge the jurisdictional gap.  Bell v. Preferred Life Assurance Society, 320 U.S. 238 (1943).

7.    This notice of removal is being filed within 30 days of the date of service of the plaintiff's complaint.

8.    The averments made herein are true and correct with respect to the date upon which suit was commenced, the date upon which the complaint was served, and the date upon which this notice is being filed.

9.    Nationwide has simultaneously with the filing of this Notice, given written notice to plaintiff.

10.    Nationwide is filing a copy of the instant Notice of Removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Bucks County.

WHEREFORE, Nationwide Insurance Company hereby remove this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

BENNETT, BRICKLIN & SALTZBURG LLP

BY: _Pamela A Carlos_____

PAMELA A. CARLOS
ATTORNEY I.D. NO.56396
carlos@bbs-law.com
(215) 561-4300
Attorney for Defendant,
Nationwide Insurance Company

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS D. KRAEMER | : |
| | : |
| v. | : |
| | : |
| NATIONWIDE INSURANCE COMPANY | :   **NO.** |

## NOTICE

**TO:**   Thomas S. Farnish, Esquire
1800 JFK Boulevard, Suite 404
Philadelphia, PA 19103

PLEASE TAKE NOTICE that defendant, Nationwide Insurance Company , have filed in this Court a verified Notice for Removal of the State Court action, <u>Thomas D. Kraemer v. Nationwide Insurance Company</u>, now pending in the Court of Common Pleas of Bucks County, Pennsylvania, No. 2017-05861.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Bucks County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court.  The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

**BENNETT, BRICKLIN & SALTZBURG LLC**

**By:**   _Pamela A Carlos_
PAMELA A. CARLOS, ESQUIRE
Attorney I.D. No. 56396
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                                         |   |        |
|-----------------------------------------|---|--------|
| THOMAS D. KRAEMER                       | : |        |
|                                         | : |        |
| v.                                      | : |        |
|                                         | : |        |
| NATIONWIDE INSURANCE COMPANY            | : | NO.    |

### PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA:

§

COUNTY OF BUCKS           :

Pamela A. Carlos, Esquire, being duly sworn according to law, deposes and says that she is an attorney with the law firm of Bennett, Bricklin & Saltzburg, LLC, attorneys for defendant, Nationwide Insurance Company.

That she did direct the filing with the Prothonotary of the Court of Common Pleas of Bucks County a copy of the Notice of Removal, attached hereto, said filing to be made on 5th day of October 2017.

**BENNETT, BRICKLIN & SALTZBURG LLC**

By: _____
PAMELA A. CARLOS, ESQUIRE
Attorney I.D. No. 56396
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
carlos@bbs-law.com
Attorney for Defendant

Sworn to and subscribed
before me this 5th day
of October, 2017.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARY ELLEN EVANS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires December 16, 2017

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

THOMAS D. KRAEMER         :
                              :
        v.                 :
                              :
NATIONWIDE INSURANCE COMPANY   :   **NO.**

**PROOF OF SERVICE**

COMMONWEALTH OF PENNSYLVANIA:
                              §
COUNTY OF BUCKS          :

        Pamela A. Carlos, Esquire, being duly sworn according to law, deposes and says that she is an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Nationwide Insurance Company and that she certifies that a true and correct copy of this Removal Petition was filed electronically and is available for viewing and downloading from the Electronic Case filing system which constitutes service upon the following counsel of record :

        Thomas S. Farnish, Esquire
        1800 JFK Boulevard, Suite 404
        Philadelphia, PA 19103

                              **BENNETT, BRICKLIN & SALTZBURG LLC**

**By:**    *Pamela A Carlos*

              PAMELA A. CARLOS, ESQUIRE
              Attorney I.D. No. 56396
              1601 Market Street, 16th Floor
              Philadelphia, PA 19103
              (215) 561-4300
              carlos@bbs-law.com
              Attorney for Defendant

Sworn to and subscribed
before me this 5th day
of October, 2017.
*Mary Ellen Evans*
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARY ELLEN EVANS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires December 16, 2017

# EXHIBIT "A"

Case# 2017-05861-0 - JUDGE:29  Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25



COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

THOMAS D KRAEMER

vs.

NATIONWIDE INSURANCE COMPANY

NO. 2017-05861

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Bucks County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:  Thomas S. Farnish, Esq., ID: 34656

Self-Represented (Pro Se) Litigant  ☐

**Class Action Suit**    ☐ Yes    ☒ No

**MDJ Appeal**    ☐ Yes    ☒ No

**Money Damages Requested**  ☒

**Commencement of Action:**

Complaint

**Amount in Controversy:**

More than $50,000

## Case Type and Code

Tort:

Motor Vehicle

**Other:**

Case# 2017-05861-0 - JUDGE:29  Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25

LARRIMORE & FARNISH, L.L.P.
BY: THOMAS S. FARNISH
I.D. No: 34656
1800 JFK Boulevard - Suite 404
Philadelphia  PA  19103
(215) 209-8500

ATTORNEY FOR PLAINTIFF

THOMAS D. KRAEMER
1045 N. West End Boulevard
Lot 419
Quakertown, PA 18951

vs.

NATIONWIDE INSURANCE COMPANY
One Nationwide Gateway
Dept. 5867
Des Moines, IA 50391-5867

IN THE
COURT OF COMMON PLEAS
OF BUCKS COUNTY

NO:

## CIVIL ACTION COMPLAINT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. you are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property of other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE FOR NO FEE.

LAWYER REFERENCE SERVICE
135 E. State Street
P.O. Box 300
Doylestown, Pennsylvania  18901
Telephone (215) 348-9413

### AVISO

Le han demandado a usted en la corte. Si, usted quiere defenderse de estas demandas expuetas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fechda de la demanda y la notificatiofion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las prôvisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTA. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.  ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE PUEDEN OFRECER SERVICIOS JURÍDICOS A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO PARA NINGÚN HONORARIO.

SERVICIO DE REFERENCIA LEGAL
135 E. State Street
P.O. Box 300
Doylestown, Pennsylvania  18901
Teléfono (215) 348-9413

## CIVIL ACTION COMPLAINT

And now, comes the Plaintiff Thomas D. Kraemer, by and through his attorneys

Larrimore & Farnish, LLC and hereby avers as follows:

### PARTIES

1.    The plaintiff is THOMAS D. KRAEMER who resides at 1045 North West End

Boulevard, Lot 419, Quakertown, PA 18951.

2.    Defendant NATIONWIDE INSURANCE COMPANY is an Ohio corporation with a

home office located at One Nationwide Plaza, Columbus Ohio, and is duly licensed to

transact insurance business in the Commonwealth of Pennsylvania, and maintains a

business office at One Nationwide Gateway, Dept. 5867, Des Moines, Iowa, 50391-5867.

3.    At all times relevant hereto, defendant Nationwide Insurance Company was

transacting insurance business in Bucks County, Pennsylvania.

4.    On June 3, 2014, the plaintiff, Thomas D. Kraemer was insured under a policy of

motor vehicle insurance issued by the defendant, policy number 5837E293563, providing

for Uninsured/Underinsured Motorist Coverage for motor vehicle accidents, in accordance

with the Pennsylvania Motor Vehicle Financial Responsibility Law. A true and correct

copy of declarations page of the insurance policy is attached hereto as **Exhibit A.**

5.    The facts which give rise to this action took place on or about June 3, 2014, when

the plaintiff, THOMAS D. KRAEMER, was driving his motor vehicle in the northbound lanes

of Route 309 in Hilltown Township, Bucks County, Pennsylvania.

6.    At the same date and time, BRYAN PECHEREK, was driving his motor vehicle on

Route 309 in a southbound direction near its intersection with Church Road in Hilltown

Case# 2017-05861-0 - JUDGE:29 Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25

Case# 2017-05861-0 - JUDGE:29  Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25

Township, Bucks County, when the motor vehicle being operated by Bryan Pecherek

crossed into the northbound lanes of Route 309 and struck the motor vehicle being

operated by Thomas D. Kraemer head on.

7.  The aforesaid accident resulted solely from the negligence of **BRYAN PECHEREK**

herein and was in no manner whatsoever due to any act or failure to act on the part of the

plaintiff.

8.  The negligence and careless of the Bryan Pecherek consisted of:

8.1  Operating a motor vehicle at an excessive rate of speed under the circumstances existing at the time and location of this accident;

8.2  Failing to maintain the proper lane of travel;

8.3  Failing to be and remain attentive of the traffic flow and road markings in his path of travel;

8.4  Crossing into the opposing lanes of travel;

8.5  Operating his vehicle without due regard for the rights and safety of the plaintiff herein, and other motorists on the roadway;

8.6  Failing to have the vehicle under proper control such that it could be operated in the proper lane of travel without crossing into the opposing lane of travel and striking another vehicle which was lawfully proceeding in the road ahead;

8.7  Failing to adequately and safely slow down and proceed in the proper lane of travel;

8.8  Failing to follow the right of way rules of the Rules of the Road, as defined in Section 102 of the Vehicle Code, 75 Pa.C.S. §102; and

8.9   Failing to properly maintain a lane of travel, in violation of Section 3311 of the Vehicle Code, 75 Pa.C.S. §3311.

9.   Solely by reason of the aforesaid, the plaintiff sustained various injuries to various parts of his body, including but not limited to his head, neck, shoulders, back, body, knee and extremities, and to his nerves and nervous system, some or all of which are of a permanent nature, and all of which resulted in pain, suffering, anxiety, and other damages to the said plaintiff, causing him damages and losses for which he now seeks recovery.

10.   As a further result of the aforesaid, the plaintiff has suffered a serious impairment of his ability to engage in normal daily activities and in the normal functioning of his body and its physical motions, for which he is entitled to recover.

11.   As a further result of the aforesaid, the plaintiff has suffered severe physical pain, mental anguish, humiliation and loss of enjoyment of life, and he may continue to suffer same for an indefinite period of time in the future.

12.   As a further result of the aforesaid, the plaintiff has suffered an impairment of his earnings and earning capacity for which he is entitled to recover.

13.   As a further result of the aforesaid, the plaintiff has been obliged to receive and undergo medical attention and care and has had to incur various expenses in an attempt to cure said injuries, and plaintiff may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

14.   As a further result of the aforesaid, the plaintiff has also sustained other financial damages and losses, for which he now seeks recovery.

Case# 2017-05861-0 - JUDGE:29  Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25

-3-

Case# 2017-05861-0 - JUDGE:29  Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25

15.  At the time of the collision, the tortfeasor Bryan Pecherek was insured with Erie Insurance Company with a bodily injury liability protection limits in the amount of $100,000.00.

16.  The tortfeasor's bodily injury policy limits are not adequate to compensate the plaintiff for the injuries and losses he sustained as a result of the collision.

17.  At the time of the collision, the plaintiff was insured under a policy of motor vehicle insurance issued by the defendant, Nationwide Insurance Company, policy number 5837E293563, providing for Uninsured/Underinsured Motorist Coverage for motor vehicle accidents, in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law.

18.  At the time of the aforementioned accident the plaintiff insured his vehicle under the Nationwide Policy which provided for $100,000.00 in underinsured motorist coverage.

19.  The insurance carrier for Bryan Pecherek, the tortfeasor, Erie Insurance Company, offered $95,000.00 of the policy limits of $100,000.00 and the Plaintiff received consent to settle from the defendant Nationwide Insurance Company.  See Nationwide Insurance Company consent to settle and waiver of subrogation letter dated April 12, 2016, attached as **Exhibit B**.

20.  The plaintiff made a demand from the defendant, Nationwide Insurance Company, for the underinsured motorist policy limits of $100,000.00.

21.  On or about June 19, 2017, the defendant denied plaintiff's demand and indicated that the Nationwide Insurance Company policy required a Trial as opposed to

-4-

an Arbitration to resolve the dispute between the insured, Thomas D. Kraemer and the

Nationwide Insurance Company, and a claim would need to be filed in the state court.

## COUNT I – BREACH OF CONTRACT
### THOMAS D. KRAEMER v. NATIONWIDE INSURANCE COMPANY

22.   Plaintiff incorporates herein by reference the averments contained in the above

mentioned paragraphs as though the same were set forth in full.

23.   The plaintiff has fully complied with the terms, conditions and duties required

under the Policy.

24.   Defendant Nationwide Insurance Company has failed to objectively and

reasonably evaluate the plaintiff's claim.

25.   Defendant Nationwide Insurance Company has failed to promptly offer payment

of the reasonable and fair value of the underinsured motorist claim to the plaintiffs.

26.   Defendant Nationwide Insurance Company failed to reasonably investigate

plaintiffs' claims inasmuch as a thorough and proper inquiry would have revealed that the

plaintiffs sustained injuries, damages and losses which reasonable compensation would

have required an offer of the Policy limits.

27.   As the insurer of the plaintiff, Nationwide Insurance Company owes a fiduciary,

contractual and statutory obligation to investigate, evaluate and negotiate the

underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable

settlement.

28.   For the reasons set forth above, Nationwide Insurance Company has violated its

obligations under the Policy.

-5-

Case# 2017-05861-0 - JUDGE:29  Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25

**WHEREFORE**, the plaintiffs respectfully request this Honorable Court enter a judgment in their favor for an amount in excess of Fifty Thousand ($50,000) Dollars, together with compensatory damages, punitive damages for common law bad faith, interest, cost of suit, attorney's fees and such other relief as this Honorable Court deems just and proper.

## COUNT II – BAD FAITH
### PLAINTIFF THOMAS D. KRAEMER V. NATIONWIDE INSURANCE COMPANY

29. Plaintiff incorporates herein by reference the averments contained in above mentioned paragraphs as though the same were fully set forth in full.

30. The actions of defendant Nationwide Insurance Company in handling the plaintiffs' underinsured motorist claim constitutes bad faith as defined under 42 Pa. C.S.A. Section 8371, including the following reasons:

    30.1  Engaging in dilatory and abusive claims handling;

    30.2  Failing to adopt or implement reasonable standards in evaluating the underinsured motorist claim;

    30.3  Acting unreasonably and unfairly in response to the underinsured motorist claim;

    30.4  Not attempting in good faith to effectuate a fair, prompt and equitable settlement of the underinsured motorist claim in which the defendant's liability under the Policy is reasonably clear;

    30.5  Subordinating the interests of its insured to its own financial monetary interest;

    30.6  Failing promptly to offer payment of the underinsured motorist claim;

Case# 2017-05861-0 - JUDGE:29 Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25

30.7   Failing reasonably and adequately to investigate the underinsured motorist claim;

30.8   Failing reasonably to evaluate or review the medical documents and/or photographs in defendant's possession;

30.9   Violating the fiduciary duty owed to the plaintiffs;

30.10  Otherwise unreasonably and unfairly withholding underinsured motorist benefits justly due and owing to the plaintiffs;

30.11  Compelling its insured to file suit and engage in litigation when a reasonable evaluation of the claim would have avoided suit;

30.12  Deliberately and intentionally acting in such a way as to obfuscate the process to resolve this matter;

30.13  Compelling plaintiff to litigate these claims to recover amounts due under the Policy;

30.14  Failing to make an honest, intelligent and objective settlement offer;

30.15  Causing its insured to expend money on the presentation of an underinsured motorist claim;

30.16  Causing its insured to bear stress and anxiety associated with litigation;

30.17  Otherwise unreasonably and unfairly withholding underinsured motorist benefits justly due and owing to the plaintiff;

30.18  Failing to follow its own manual with regards to the evaluation and payment of underinsured motorist claims;

30.19  Failing to pay the undisputed amount owed; and,

30.20  Failing to promptly process and pay plaintiff's loss of earnings and loss of earning capacity as provided under the first party benefits provisions of the insurance policy.

-7-

Case# 2017-05861-0 - JUDGE:29 Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25

Case# 2017-05861-0 - JUDGE-29  Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25

31. As an insured of the defendant, Nationwide Insurance Company, plaintiff fully complied with the terms and conditions of the Policy and all terms and conditions precedent and subsequent to his right to recover under the Policy.

32. For the reasons set forth above, defendant Nationwide Insurance Company has violated the Policy of insurance and its obligations as an insurer; has failed to act toward the plaintiff in good faith; and has violated 42 Pa. C.S.A. Section 8371 for which defendant is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief that the Court deems appropriate under Pennsylvania law.

33. Defendant Nationwide Insurance Company has engaged in wanton and reckless conduct with regards to the welfare, interest and rights of the plaintiff, its insured, and is liable for its bad faith conduct.

**WHEREFORE**, the plaintiff Thomas D. Kraemer, demand judgment against the Nationwide Insurance Company, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with compensatory damages, punitive damages, interest, cost of suit, attorney's fees and other damages as allowable under 42 Pa. C.S.A. Section 8371.

LARRIMORE & FARNISH, L.L.P.

BY: _____
THOMAS S. FARNISH
Attorney for Plaintiff

Date:   September 7, 2017

-8-

## VERIFICATION

I, **THOMAS D. KRAEMER**, plaintiff herein, verifies that the factual statements made in the foregoing **CIVIL ACTION COMPLAINT** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_____
**THOMAS D. KRAEMER**

DATE:  9/10/17

Case# -0 - JUDGE:  Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25

EXHIBIT "A"

## Nationwide®
*On Your Side*

## Your Policy Declarations

**Nationwide Auto Policy**
Policy Period:  Mar 20, 2013 - Sep 20, 2013
Policy Number:  5837E 293563

For coverage definitions and descriptions,
visit nationwide.com

---

## Insured Vehicle(s) and Schedule of Coverages

### 1999 Dodge Intrepid

VIN 2B3HD56J0XH562721

| Coverages | Limits of Liability | | Premium |
|---|---|---|---|
| Property Damage Liability | $  100,000  Each Occurrence | $ | 73.00 |
| Bodily Injury Liability | $  100,000  Each Person | | |
| | $  300,000  Each Occurrence | $ | 78.00 |
| Uninsured Motorists-Bodily Injury | (Non-Stacked) | | |
| | $  100,000  Each Person | | |
| | $  300,000  Each Occurrence | $ | 9.00 |
| Underinsured Motorists-Bodily Injury | (Non-Stacked) | | |
| | $  100,000  Each Person | | |
| | $  300,000  Each Occurrence | $ | 36.50 |
| First Party Benefits | | $ | 25.90 |
| Option 1-Medical Benefit | $      5,000 | | |
| Option 2-Income Loss Benefit | $      5,000  Total | $ | 5.30 |
| | $      1,000  Monthly | $ | .20 |
| Option 4-Funeral Benefit | $      1,500 | | |
| Limited Tort | | | |
| | **Total for this Vehicle** | $ | 227.90 |

## Policy Level Schedule of Coverages

| Coverages | Limits of Liability | | Premium |
|---|---|---|---|
| Roadside Assistance | Plus - Covers Disablement | $ | 10.00 |
| | Up To 100 Miles/$100 Lockout/ | | |
| | $  500 Trip   Interruption | | |
| | Endorsement 3436 | | |
| Accident Forgiveness Feature | | | Incl |
| - Currently Eligible To Use | | | |
| | **Total for Policy Coverages** | $ | 10.00 |

## Policy Form and Endorsements

| | |
|---|---|
| V-037C | Nationwide Auto Policy |
| V-3272 | Limited Tort Option Election (Pennsylvania) |
| V-3436 | Roadside Assistance Coverage |
| V-3453 | Amendatory Endorsement |
| V-3412 | Automobile Insurance Guarantee (Pennsylvania) |

*(left margin, vertical text)* $250.25 A.M. Fee = $250.25 10:43 A.M.

*(left margin, vertical text)* Case# -0 - JUDGE: Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 A.M. Fee = $250.25

Continued on the next page

Prepared on February 22, 2013        Page 1 of 4

## Nationwide®
*On Your Side*

## Your Policy Declarations

**Nationwide Auto Policy**
Policy Period:  Mar 20, 2013 - Sep 20, 2013
Policy Number:  5837E 293563

**Policyholder (Named Insured):**
Thomas Kraemer
1045 N West End
Blvd Lot 419
Quakertown, PA
18951-4119

Keep these Declarations for your records.

---

## General Policy Information

**Issued: February 22, 2013**
These Declarations are a part of the policy named above and identified by the policy number above.  They supersede any Declarations issued earlier.  Your policy provides the coverages and limits shown in the schedule of coverages.  They apply to each insured vehicle as indicated.  Your policy complies with the motorists' financial responsibility laws of your state only for vehicles for which Property Damage and Bodily Injury Liability coverages are provided.

**Policy Period: March 20, 2013 - September 20, 2013** but only if the required premium for this period has been paid and only for six month renewal periods if renewal premiums have been paid as required.  This policy is initially effective at (1) the time the application for insurance is completed, or (2) 12:01 a.m. on the first day of the policy period, whichever is later.  Each renewal period begins and ends at 12:01 a.m. standard time at the address of the named insured stated herein. This policy expires at 12:01 a.m. at the address of the named insured stated herein.

Your carrier is Nationwide Affinity Insurance Company Of America, NAIC #26093.

### IMPORTANT MESSAGES:

IF THIS DECLARATIONS PAGE SHOWS THAT COLLISION COVERAGE APPLIES TO YOUR AUTO, THERE IS ALSO COLLISION COVERAGE FOR DAMAGE TO A RENTED AUTO.  COVERAGE IS SUBJECT TO CONDITIONS AND LIMITATIONS LISTED IN THE POLICY OR ATTACHED ENDORSEMENTS.

### Premium Summary and Other Charges

| | | |
|---|---|---|
| 1999 Dodge Intrepid | $ | 227.90 |
| Total For Policy Coverages | $ | 10.00 |
| **Total Policy Premium** | **$** | **237.90** |

### How You Saved on this Policy with Nationwide

• Passive Restraint        • Safe Driver        • Accident Free

Thank you for being a long-term customer.

### Listed Driver(s)

| Name | Date of Birth | Marital Status |
|---|---|---|
| Thomas  Kraemer | 11/11/55 | Divorced |

Continued on the next page

V - 105

0303600023B043

Case# -0 - JUDGE:  Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25

Case# -0 - JUDGE:  Received at County of Bucks Prothonotary Office on 09/07/2017 10:43 AM, Fee = $250.25

# EXHIBIT "B"

# Erie Insurance®

Branch Office • 2200 West Broad Street • Suite 1 • P.O. Box 4266 • Bethlehem, PA 18018-0286
610.865.1911 • Toll free 1.800.322.8026 • Fax 800.545.0409 • www.erieinsurance.com

May 10, 2016

Thomas S Farnish, Esquire
Larrimore & Farnish LLP
1800 JFK Boulevard
Suite 404
Philadelphia, PA  19103-7405

Re: ERIE Claim   # 0-010181156899
ERIE Insured:  Bryan S Pecherek &
               Jennifer Pecherek
Loss Date:     06/03/14
Your Client:   Thomas Kraemer
Your File      #

Dear Attorney Farnish:

This letter will confirm our settlement of all claims for Thomas Kraemer in the amount of $95,000.00. Thank you for your assistance in the resolution of this claim.

A copy of this letter is being sent to your client pursuant to 31 PA Code Section 146 10.  The letter is being sent to your client at the address you provided to us.  We trust that you will answer any questions your client has concerning the contents of this letter.

Sincerely,

Dawn H. Keenan/eb

Dawn H. Keenan, CPCU, AIC
Litigation Specialist
215-679-0661

/DHK LIT14
Enclosures:
    Check(s)
c: Thomas Kraemer
   File

The ERIE is Above All in SERVICE.

Case# -0 - JUDGE: Received at County of Bucks Prothonotary Office on 09/02/2017 10:41:01 AM, Fee = $250.25